# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| CHRISTOPHER GALE, )<br> #287984, )<br> )<br>       Petitioner, )<br> )<br>v. )<br> )<br>Warden of Perry Correctional )<br>Institution, )<br> )<br>       Respondent. )<br>_____) | CIVIL ACTION NO. 0:07-2850-PMD-BM<br><br><br><br><br><br>**REPORT AND RECOMMENDATION** |

  Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was filed on August 15, 2007.[1]

  The Respondent filed a return and motion for summary judgment on January 14, 2008. As the Petitioner is proceeding pro se, a Roseboro order was filed on January 15, 2008, advising the Petitioner that he had thirty-four (34) days to file any material in opposition to the motion for summary judgment. Petitioner was specifically advised that if he failed to respond adequately, the motion for summary judgment may be granted, thereby ending his case. Petitioner thereafter filed two responses in opposition to summary judgment on February 25, 2008, and a third additional response on April 18, 2008. This matter is now before the Court for disposition.[2]

___

[1] Filing date per Houston v. Lack, 487 U.S. 266, 270-276 (1988).

[2] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c)and (e), D.S.C. The Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



**Procedural History**

Petitioner was indicted in January 2002 in Richland County for murder [Indictment No. 02-GS-40- 8998] and attempted armed robbery [Indictment No. 02-GS-40-8999]. (R.pp. 91-94). Petitioner was represented by Jerry Screen, Esquire, and on October 15, 2002 pled guilty to the charges. (R.pp. 1-14). The trial judge sentenced Petitioner to thirty-five (35) years for murder and twenty (20) years for attempted armed robbery, concurrent. (R.p. 13). Petitioner did not appeal his sentence and/or conviction.

On June 23, 2003, Petitioner filed an application for post-conviction relief ("APCR") in state circuit court. <u>Gale v. State of South Carolina</u>, No. 03-CP-403149. Petitioner raised the following issues in his application:

> (A) The Applicant received ineffective assistance of counsel inasmuch as counsel failed to:
>
> > 1) investigate the charges against the defendant;
> > 2) adequately ascertain the defendant's version of the facts of the case;
> > 3) investigate possible defenses in the case;
> > 4) discuss with the defendant the nature extent of the evidence which the State had against him; and
> > 5) interview material witnesses who had knowledge of exculpatory evidence.
>
> (B) The Applicant pled guilty upon the erroneous advice of counsel, and, but for counsel's errors, Applicant would not have pled guilty and would have insisted on going to trial.

(R.p. 20).

Petitioner was represented in his APCR by Charlie J. Johnson, Jr., Esquire, and an evidentiary hearing was held on Petitioner's application on September 11, 2006. (R.pp. 27-85). On September 15, 2006, the PCR judge entered an order denying Petitioner's petition and dismissing the petition with prejudice. (R.pp. 86-90).



Petitioner then filed a Petition for Writ of Certiorari, appealing the denial of his APCR. (Respondent's Exhibit Two). Petitioner was represented on appeal by Wanda H. Carter, Deputy Chief Attorney of the South Carolina Office of Appellate Defense, who raised the following issue:

> Trial counsel erred in failing to develop an alibi defense in the case before coercing petitioner to plead guilty to the charges.

See Petition, p. 2 (Respondent's Exhibit Two).

On July 3, 2007, the South Carolina Supreme Court denied the petition.[3] Gale v. State, (S.C.Sup.Ct. filed July 3, 2007)(Respondent's Exhibit Six). The Remittitur was issued on July 19, 2007. (Respondent's Exhibit Seven).

In his Petition for writ of habeas corpus filed in United States District Court, Petitioner raises the following grounds:

> **Ground One:** Ineffective assistance of counsel, Involuntary entered guilty plea.
>
> 1) Counsel failed to investigate the charges;
> 2) Counsel failed to ascertain a defense;
> 3) Counsel failed to discuss with the defendant the nature and extent of the evidence which the state had against him;
> 4) Counsel failed to investigate a defense; and
> 5) failed to interview material witnesses who had knowledge of exculpatory evidence.
>
> **Ground Two:** And Applicant pled guilty erroneous advice of counsel, and but for counsels errors, Applicant would not have pled guilty and would have insisted on going to trial.

See Petition, 6.[4]

---

[3] The South Carolina Supreme Court also denied Petitioner's request to file a supplemental appendix. (Respondent's Exhibit Five).

[4] Both of these arguments are presented under Ground One of the Petition, but have been separated into two separate grounds for purposes of discussion.

3



**Discussion**

Respondents have moved for summary judgment pursuant to Rule 12 (b) and Rule 56 (b), Fed.R.Civ.P., submitting that the entire petition is without merit. Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P; see Habeas Corpus Rules 5-7. Further, while the Federal Court is charged with liberally construing a pleading filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

**I.**

First, with regard to all of the issues raised in Ground One of the Petition except for issue #5, Respondent correctly notes that Petitioner did not raise these issues in his PCR appeal. While it is arguable Petitioner may reference some of these other matters in his PCR appellate brief in the course of arguing his only exhausted claim, any such mere references are not sufficient to exhaust these issues for purposes of federal habeas review. See Joseph v. Angelone, 184 F.3d 320, 328 (4th Cir. 1999), cert. denied, 528 U.S. 959 (1999)["In order to avoid procedural default, the 'substance' of [the] claim must have been 'fairly presented' in state court. . . . That requires 'the ground relied upon [to] be presented face-up and squarely. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick."](quoting Townes v. Murray, 68 F.3d



840, 846 (4th Cir. 1995)(quoting Mallory v. Smith, 27 F.3d 991, 995 (4th Cir. 1994)).

Since Petitioner also did not pursue these claims in a direct appeal, they are barred from further state collateral review; Whiteley v. Warden, Wyo. State Penitentiary, 401 U.S. 560, 562 n. 3 (1971); Wicker v. State, 425 S.E.2d 25 (S.C. 1992); Ingram v. State of S.C., No. 97-7557, 1998 WL 726757 at **1 (4th Cir. Oct. 16, 1998); Josey v. Rushton, No. 00-547, 2001 WL 34085199 at * 2 (D.S.C. March 15, 2001); Aice v. State, 409 S.E.2d 392, 393 (S.C. 1991)[post-conviction relief]; and as there is no current state remedy for Petitioner to pursue these claims, they are fully exhausted in the sense that they may not now be litigated in the state courts. Coleman v. Thompson, 501 U.S. 722, 735, n.1 (1991); Teague v. Lane, 489 U.S. 288, 297-298 (1989); George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996) ["A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally defaulted under state law if the petitioner attempted to raise it at this juncture."], cert. denied, 117 S.Ct. 854 (1997); Aice, 409 S.E.2d at 393; Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997) ["To satisfy the exhaustion requirement, a habeas Petitioner must fairly present his claim[s] to the state's highest court . . . the exhaustion requirement for claims not fairly presented to the state's highest court is technically met when exhaustion is unconditionally waived by the state...or when a state procedural rule would bar consideration if the claim[s] [were] later presented to the state court."], cert. denied, 522 U.S. 833 (1997); Ingram, 1998 WL 726757 at **1.

Since these issues were not properly pursued to exhaustion by the Petitioner in the state courts, federal habeas review of these claims is now precluded absent a showing of cause and prejudice, or actual innocence. Wainwright v. Sykes, 433 U.S. 72 (1977); Waye v. Murray, 884 F.2d 765, 766 (4th Cir. 1989), cert. denied, 492 U.S. 936 (1989).

5



> In all cases in which a State prisoner has defaulted his Federal claims in State court pursuant to an independent and adequate State procedural rule, Federal Habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of Federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Coleman, 501 U.S. at 750.

Petitioner has not asserted or argued any cause for his failure to raise and exhaust these claims at the state level. Therefore, he has failed to show cause for his procedural default on these issues. Rodriguez v. Young, 906 F.2d 1153, 1159 (7th Cir. 1990), cert. denied, 498 U.S. 1035 (1991) ["Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."]. Nor has Petitioner shown that a fundamental miscarriage of justice will occur if these claims are not considered. Wainwright v. Sykes, supra; Murray v. Carrier, 477 U.S. 478 (1986); Rodriguez, 906 F.2d at 1159 [a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent"](citing Murray v. Carrier, 477 U.S. at 496); Sawyer v. Whitley, 505 U.S. 333, 348 (1992); Bolender v. Singletary, 898 F.Supp. 876, 881 (S.D.Fla. 1995).

Therefore, these claims are procedurally barred from consideration by this Court, and must be dismissed. Id.; see 28 U.S.C. § 2254.

**II.**

With regard to Ground One (#5), Petitioner contends that his counsel was ineffective for failing to develop an alibi defense, therefore coercing him to plead guilty. This issue was raised in Petitioner's APCR, where Petitioner had the burden of proving the allegations in his petition. Butler v. State, 334 S.E.2d 813, 814 (S.C. 1985), cert. denied, 474 U.S. 1094 (1986). The PCR court



rejected this claim, making relevant findings of fact and conclusions of law in accordance with S.C.Code Ann. § 17-27-80 (1976), as amended. See Gale v. South Carolina, No. 03-CP-23-622.

Specifically, the PCR judge found: 1) Petitioner testified under oath at his guilty plea that he was satisfied with his attorney's time, effort, advice, and representation; 2) that Petitioner presented no evidence to his benefit that would have been revealed by any investigation; 3) that Petitioner testified at his plea that he understood his rights, their waiver, and the waiver by plea of any defense to the charge; 4) that Petitioner called Aquil Yusef as a witness at his PCR hearing, who offered an alibi for the Petitioner; 5) that Yusef testified that on the date of the alleged crime, he saw Petitioner at about 9:35 a.m. under a tree at the house of Petitioner's uncle and then spent the next two hours belatedly celebrating Petitioner's birthday; 6) that Yusef testified that nobody ever confronted him about the charges pending against the Petitioner; 7) that Petitioner's trial counsel thereafter testified that the first he heard of Aquil Yusef as an alibi witness was the date of the PCR hearing, September 11, 2006; 8) that trial counsel testified that Petitioner had never told him about an alibi witness; 9) that while Petitioner testified that he told counsel of an alibi witness, trial counsel's testimony on the alibi witness issue was credible and dispositive of this issue; 10) that Petitioner failed to prove that trial counsel was ever aware of any possibility of the existence of an alibi witness prior to the entry of Petitioner's plea; and 11) that Petitioner failed to carry his burden of proof. (R.pp 88-90).

Substantial deference is to be given to the state court's findings of fact. Evans v. Smith, 220 F.3d 306, 311-312 (4th Cir. 2000), cert. denied, 532 U.S. 925 (2001) ["We . . . accord state court factual findings a presumption of correctness that can be rebutted only by clear and convincing evidence], cert. denied, 532 U.S. 925 (2001); Bell v. Jarvis, 236 F.3d 149 (4th Cir.

7



2000)(en banc), cert. denied, 112 S.Ct. 74 (2001).

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1). See also Fisher v. Lee, 215 F.3d 438, 446 (4th Cir. 2000), cert. denied, 531 U.S. 1095 (2001); Frye v. Lee, 235 F.3d 897, 900 (4th Cir. 2000), cert. denied, 533 U.S. 960 (2001).

However, although the state court findings as to historical facts are presumed correct under 28 U.S.C. § 2254(e)(1), where the ultimate issue is a mixed question of law and fact, as is the issue of ineffective assistance of counsel, a federal court must reach an independent conclusion. Strickland v. Washington, 466 U.S. 668, 698 (1984); Pruett v. Thompson, 996 F.2d. 1560, 1568 (4th Cir. 1993), cert. denied, 114 S.Ct. 487 (1993) (citing Clozza v. Murray, 913 F.2d. 1092, 1100 (4th Cir. 1990), cert. denied, 499 U.S. 913 (1991)). Nevertheless, since Petitioner's ineffective assistance of counsel claim was adjudicated on the merits by the South Carolina state court, this Court's review is limited by the deferential standard of review set forth in 28 U.S.C. §2254(d), as interpreted by the Supreme Court in Williams v. Taylor, 529 U.S. 362 (2000). Bell v. Jarvis, supra; see also Evans, 220 F.3d at 312 [Under § 2254(d)(1) and (2), federal habeas relief will be granted with respect to a claim adjudicated on the merits in state court proceedings only where such adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States", or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding"]. Therefore, this Court must be mindful of this deferential standard of review in considering Petitioner's ineffective assistance of counsel claim.

Where allegations of ineffective assistance of counsel are made, the question becomes

8



"whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 694.  In Strickland, the Supreme Court articulated a two prong test to use in determining whether counsel was constitutionally ineffective.  First, the Petitioner must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment.  Second, the Petitioner must show that counsel's deficient performance prejudiced the defense such that the Petitioner was deprived of a fair trial.  Further, where a guilty plea is involved, in order to show prejudice a Defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52 (1985).

Here, after careful review of the record and the arguments presented, the undersigned finds and concludes that Petitioner has failed to meet his burden of showing that trial counsel was ineffective under this standard.    Smith v. North Carolina, 528 F.2d 807, 809 (4th Cir. 1975) [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus]. Petitioner's counsel testified that he was not aware of any alleged alibi witness prior to Petitioner entering his guilty plea, nor had Petitioner advised him of the existence of any such witness. (R.pp. 44, 46, 57-58).  The PCR Court found this testimony to be credible, and this decision was upheld by the state Supreme Court on appeal.  Petitioner has presented no cogent argument for why this finding should be overturned. Evans, 220 F.3d at 312.  Therefore, counsel's performance was not deficient for failing to locate a witness he was not even aware of.

Further, Petitioner has also failed to show that, even if his counsel had known about and presented this witness, he would not have still pled guilty and would have insisted on going to



9

trial. Hill v. Lockhart, 474 U.S. 52 (1985). There were two other witnesses who placed Petitioner at the scene of the crime, and Petitioner just offers conclusory arguments that he would not have pled guilty had Yusef also been available to testify. Petitioner has therefore failed to present evidence sufficient to show that the state court's rejection of this claim was unreasonable. Evans, 220 F.3d at 312 [Federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding]; Bell v. Jarvis, 236 F.3d at 157-158; 28 U.S.C. § 2254(e)(1) [determination of a factual issue by the state court shall be presumed correct unless rebutted by clear and convincing evidence]. This claim should be dismissed.

### III.

With respect to Ground Two of this Petition (Involuntary Guilty Plea), this issue was also not properly exhausted at the state level. See discussion, Section I, supra. However, even assuming arguendo that Ground Two of this Petition is properly before this Court,[5] it is also without merit. Petitioner testified at his guilty plea that 1) he understood the potential sentences; 2) he was waiving his right to a jury trial; 3) he was guilty of the charges; 4) no one had promised him anything, threatened him, coerced him, intimidated or pressured him in any way to get him to plead guilty; 5) he was pleading guilty freely and voluntarily; 6) he was satisfied with the time, effort, advice, and representation of his attorney; 7) he had no complaint to make against his attorney; and

---

[5]The undersigned has addressed this claim on its merits *only* as it pertains to the issue raised in Ground One(#5), since this is Petitioner's only exhausted claim.

10



8) that his answers to the court were truthful. (R.pp. 4-7). This record shows that Petitioner chose to plead guilty, and that he did so freely and voluntarily. Hence, Petitioner has failed to show his plea was involuntary. See Boykin v. Alabama, 395 U.S. 238 (1969); Smith, 528 F.2d at 809 [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus.]; Vanater v. Boles, 377 F.2d. 898 (4th Cir. 1967).

Petitioner has not provided the Court with any evidence that he did not intend to plead guilty to the charges, under oath to the presiding judge, without objection in open court. While Petitioner has presented arguments and allegations in his Petition to explain how his plea was involuntary, "[r]epresentations of the Defendant, his lawyer and the prosecutor at [arraignment], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings...The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Further, statements of the accused that facially demonstrate the plea's validity are conclusive absent compelling reasons why they should not be, such as ineffective assistance of counsel. Via v. Superintendent, Powhatan Correctional Center, 643 F.2d. 167, 171 (4th Cir. 1981). Petitioner has provided no evidence to show ineffective assistance of counsel in his case. See discussion (Section II), supra.

The state court found that trial counsel's testimony was credible and that Petitioner failed to show that his plea was involuntary. (R.p. 90). Petitioner has failed to show that the state court's rejection of this claim was unreasonable. Evans, 220 F.3d at 312 [Federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the

11



state court proceeding]; Williams v. Taylor, supra. Bell, 236 F.3d at 157-158; 28 U.S.C. § 2254(e)(1) [Determination of a factual issue by the state court shall be presumed correct unless rebutted by clear and convincing evidence]. Hence, Petitioner's claim that he only entered his plea because his trial counsel did not locate an alibi witness is without merit, and should be dismissed.[6] Fisher, 215 F.3d at 446-447 [Court reviewed petitioner's ineffective assistance of counsel claims under the standards set forth in 28 U.S.C. § 2254(d)]. This issue is without merit and should be dismissed.

## Conclusion

Based on the foregoing, it is recommended that the Respondent's motion for summary judgment be **granted**, and that the Petition be **dismissed**, with prejudice.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

April 28, 2008

---

[6] As previously discussed, any other grounds for his guilty plea being involuntary are procedurally barred from consideration by this Court. See discussion, supra.



12

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

