# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Christopher Gale**, #287984,  )<br> )<br> Petitioner, )<br> )<br>v.  )<br> )<br>**Warden of Perry Correctional** )<br>**Institution** )<br> )<br> Respondent. )<br>_____) | C.A. No.: 0:07-cv-2850-PMD-BM<br><br>**ORDER** |

In this matter, Petitioner Christopher Gale ("Gale" or "Petitioner") seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, claiming ineffective assistance of counsel and entering a faulty guilty plea based on the erroneous advice of counsel as his grounds for relief. This Petition was filed on August 15, 2007. The record contains the Report and Recommendation ("R&R") of United States Magistrate Judge Bristow Marchant, made pursuant to 28 U.S.C. § 636(b)(1). The Magistrate Judge recommends to this court that Respondent's Motion for Summary Judgment, filed on January 14, 2008, be granted with regard to each of Petitioner's grounds. A party may object, in writing, to an R&R within ten days after being served with a copy of the report. Petitioner filed two motions for extension of time to file his objections, which the Court granted.[1] Petitioner then filed timely Objections to the R&R on July 18, 2008. Simultaneously with his Objections to the R&R, Petitioner also filed a Motion to Amend his Petition.

## BACKGROUND

Gale was indicted in Richland County, South Carolina for murder and attempted armed

---

[1] Petitioner also requested a third extension of time to file his objections, on July 8, 2008, which was denied by this court.. (Doc. No. 54.)

robbery in January 2002. On October 15, 2002, Petitioner pled guilty to both charges. He was represented at his plea by retained counsel Jerry Screen ("Screen" or "Trial Counsel"). The trial judge sentenced Petitioner to 35 years on the murder charge and 20 years on the attempted armed robbery charge, to be served concurrently. At his allocution, Petitioner confessed to understanding the nature of the charges against him, the potential sentence he might face, and the consequences of entering a guilty plea, including waiver of his right to a jury trial and his right to remain silent. Furthermore, he testified that he had not been coerced or pressured into entering his plea. Petitioner did not appeal either his sentence or his conviction.

On June 23, 2003, Petitioner, represented by Charlie Johnson, filed an application for post-conviction relief ("PCR") in state court. In his application, Petitioner argued that he received ineffective assistance of counsel because Trial Counsel failed to: "1) investigate the charges against the defendant; 2) adequately ascertain the defendant's version of the facts of the case; 3) investigate the possible defenses in his case; 4) discuss with the defendant the nature extent [sic] which the State had against him; and 5) interview material witnesses who had knowledge of exculpatory evidence." (R. at 20.) Petitioner also argued that, "but for counsel's errors, [he] would not have pled guilty and would have insisted on going to trial." *Id.* On September 15, 2006, after an evidentiary hearing relating to Petitioner's application, the PCR judge entered an order denying Petitioner's application and dismissing the application with prejudice.

Petitioner then filed an appeal and petitioned the Supreme Court of South Carolina for a writ of certiorari. Petitioner's appellate counsel, Wanda H. Carter, raised as the only issue on appeal that "[t]rial counsel erred in failing to develop an alibi defense in the case before coercing petitioner to plead guilty to the charges." (Pet. Writ of Cert.at 2.) On July 3, 2007, the Supreme Court of South

Carolina denied Petitioner's certiorari petition.

Petitioner filed this Petition on August 15, 2007 and raises the following grounds for relief:

Ground One: Ineffective assistance of counsel, Involuntary entered guilty plea.
    1) Counsel failed to investigate charges;
    2) Counsel failed to ascertain a defense;
    3) Counsel failed to discuss with the defendant the nature and extent of the evidence which the state had against him;
    4) Counsel failed to investigate a defense; and
    5) filed to interview material witnesses who had knowledge of exculpatory evidence.

Ground Two: And Applicant pled guilty erroneous advice of counsel, and but for counsels errors [sic.], Applicant would not have pled guilty and would have insisted on going to trial.

(Pet. at 6.) Respondent filed a Motion for Summary Judgment on January 14, 2008, which the Magistrate Judge recommended granting in full. The Magistrate Judge determined that only issue #5 of Ground One, Trial Counsel's failure to "interview material witnesses who had knowledge of exculpatory evidence," had been procedurally exhausted, and thus the only issue properly before the court. (R&R at 4-6.) The Magistrate Judge ultimately determined that Petitioner had failed to carry his burden with respect to demonstrating that Trial Counsel was ineffective under the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 698 (1984) and thus summary judgment should be entered in favor of Respondent. *Id.* at 9-10. With respect to Ground Two, the Magistrate determined that it, too, was not procedurally ripe for consideration, but determined, for the sake of argument, that no genuine issue of material fact existed and recommended summary judgment in favor of Respondent.

Petitioner filed this Objection on July 18, 2008.

## STANDARD OF REVIEW

**A.     Magistrate Judge's R&R**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has

3

no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 269 (1976). The Court reviews *de novo* those portions of the R&R to which a specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1)(C). As to those portions of the Report for which no such specific written objections are made, the Court "need not conduct a *de novo* review, but must instead only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). After a review of the entire record, the R&R, Petitioner's Petition and his Objections, the Court finds the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the Court adopts the R&R and fully incorporates it into this Order.

**B.     Legal Standard for Summary Judgment**

To grant a motion for summary judgment, the Court must find that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The Court is not to weigh the evidence but rather to determine if there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). All evidence should be viewed in the light most favorable to the non-moving party. *See Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1991). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence

of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The "obligation of the nonmoving party is 'particularly strong when the nonmoving party bears the burden of proof.'" *Hughes v. Bedsole*, 48 F.3d 1376, 1381 (4th Cir. 1995) (quoting *Pachaly v. City of Lynchburg*, 897 F.2d 723, 725 (4th Cir. 1990)). Summary judgment is not "a disfavored procedural shortcut," but an important mechanism for weeding out "claims and defenses [that] have no factual bases." *Celotex*, 477 U.S. at 327.

## DISCUSSION

### I.     Petitioner's Objections to the Magistrate Judge's R&R

The Court notes, at the outset, that Petitioner has failed to make any specific objections to the R&R as required by 28 U.S.C. § 636(b)(1). Instead, Petitioner's Objection is a complete recitation of the arguments made in his Petition which were rejected by the Magistrate's R&R. This Court has previously held that, "it need not conduct a *de novo* review of objections presented in this form, as these objections never cite specific conclusions of the R&R that are erroneous." *Smith v. City of N. Charleston*, 401 F. Supp. 2d 530, 533 (D.S.C. 2005) (citing *Hernandez Payero v. Puerto Rico*, 338 F. Supp. 2d 279, 281 (D.P.R. 2004) ("[D]efendant's objection simply restates the arguments that the Magistrate Judge already considered. Under this premise, he cannot expect the Court to treat the filing seriously."); *Camardo v. Gen. Motors Hourly-Rate Employees Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) ("It is improper for an objecting party to attempt to relitigate the entire content of the hearing before the Magistrate Judge by submitting papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge."); *Keeler v. Pea*, 782 F. Supp. 42, 44

5

(D.S.C. 1992)); *see also Betancourt v. Ace Ins. Co. of Puerto Rico*, 313 F. Supp.2d 32, 34 (D.P.R. 2004) ("Although [the plaintiff] has identified the portions of the Report and Recommendation to which she objects, this Court finds that most of [p]laintiff's objections are an exact duplicate of her Opposition [memo]. . . . In light of this hurdle, the Court should not even consider [p]laintiff's objections. . . .").

The only novel argument that Petitioner makes in his Objections is that he was unaware that his grounds for relief needed to be fully exhausted at the state level before he could seek relief under 28 U.S.C. § 2254.

Nonetheless, the court has reviewed the Magistrate Judge's recommendations and is satisfied that the Magistrate Judge applied the correct principles of law and rightly determined that Petitioner has no claim for relief under § 2254.

*A.     Petitioner's Apparent Objection that the Magistrate Judge Erred in Failing to Consider All Facts as Alleged by Petitioner*

Petitioner argues that Respondent has failed to demonstrate the absence of a genuine issue of material fact due to the Court's responsibility to "accepts [sic.] as true the non-moving partys [sic.] evidence, [and] draws [sic.] all justifiable inferences in favor of the non-moving party. . . ." (Mem. of Opp'n and Reply at 4) (citing *Anderson*, 477 U.S. at 255). However, Petitioner's argument seems premised on his confusion regarding the standard this Court applies in assessing a summary judgment motion. Petitioner cannot merely argue that, because he makes vague, self-supporting statements of fact that are not supported by the record, that this court should deny Respondent's Motion for Summary Judgment. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir.1985) (holding that unsupported allegations "do not confer talismanic immunity

from Rule 56"); *see also Herbert v. Saffell*, 877 F.2d 267, 273 (4th Cir.1989) (holding that summary judgment was appropriate where nonmoving party "produced no evidence, beyond bald allegations in the pleadings."). This is especially true when the unsupported statements of fact are vague and conclusory. *White v. Boyle*, 538 F.2d 1077, 1079 (4th Cir.1976) (holding that an adverse party to a summary judgment motion "must set forth specific facts showing that there is a genuine issue for trial."). Although Plaintiff is not required to prove his case at this summary judgment stage, he is obligated to present evidence that he would produce at trial sufficient to lead a rational trier of fact to possibly find for him. *RGI, Inc. v. Unified Indus., Inc.*, 953 F.2d 658, 661 (4th Cir.1992). Where a plaintiff does not meet this minimum threshold, summary judgment requires that claims without merit be dismissed where no rational trier of fact could find for the nonmoving party. *Centra*, 947 F.2d at 119.

     Here, Petitioner has alleged nothing more than vague, conclusory, unsupported factual allegations in support of his claim. The Magistrate Judge relied upon the fully developed record in the case when drafting his R&R. Despite Petitioner's alleged presence of "disputed facts," (Mem. of Opp'n and Reply at 3), a review of the "appendix" he offers as a statement of facts indicates that no new information is presented in his Objections that had not already been made apparent in the record. Based upon a review of all relevant facts in the record, this Court finds that the Magistrate Judge conducted a thorough review of the record of this case, as well as Petitioner's allegations, and correctly construed all facts in the light most favorable to Petitioner, and still found Petitioner's claims inadequate to survive Respondent's Motion for Summary Judgment.

B.      *Petitioner's Objection that the Magistrate Judge Erred in Determining that Ground One, Issues #1-4 Were Procedurally Defaulted*

In his R&R, the Magistrate Judge agreed with Respondent's assertion that Petitioner had failed to raise issues one through four of Ground One in his appeal of the state court's ruling on his application for post-conviction relief. (R&R at 4.) The Magistrate Judge concluded that Petitioner was barred from pursuing collateral state remedies in order to satisfy the exhaustion requirement of § 2254. *Id.* at 5. Accordingly, Petitioner was barred from seeking federal habeas relief for those issues not procedurally exhausted. *Id.* at 6. Petitioner appears to object to the Magistrate Judge's treatment of these claims, arguing that he never realized that appellate counsel was only appealing the issue of the failure of Petitioner's Trial Counsel to develop an alibi defense. (Mem. of Opp'n and Reply at 4-5.)

Section 2254 requires "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State. . . ." 28 U.S.C. § 2254(b)(1)-(A). The Fourth Circuit has held that in order "[t]o satisfy the exhaustion requirement, a habeas Petitioner must fairly present his claim[s] to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997), *cert. denied*, 522 U.S. 833 (1997). As the Magistrate Judge notes, Petitioner's appellate counsel only raised issue number five on appeal. The other issues were not raised in Petitioner's certiorari petition to the Supreme Court of South Carolina and consequently are procedurally barred from further state collateral review. *Whitley v. Warden, Wyo. State Penitentiary*, 401 U.S. 560, 562 n.3 (1971); *Wicker v. State*, 425 S.E.2d 25 (S.C. 1992); *Ingram v. State of S.C.*, No. 97-7557, 1998 WL 726757 at **1 (4th Cir. Oct. 16, 1998); *Josey v. Rushton*, No.

8

00-547, 2001 WL 34085199 at *2 (D.S.C. March 15, 2001); *Aice v. State*, 409 S.E.2d 392, 393 (S.C. 1991).

The exhaustion requirement under § 2254 may still be satisfied where Petitioner failed to squarely present the issue to the highest state court "if it is clear that the claim[s] would be procedurally defaulted if the petitioner attempted to raise [them] at this juncture." *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *see also Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Teague v. Lane*, 489 U.S. 288, 298 (1989) ("It is clear that collateral relief would be unavailable to petitioner. . . . As a result, petitioner has exhausted his state remedies under 28 U.S.C. § 2254(b). . . ."); *Matthews*, 105 F.3d at 911. However, "'[f]ederal habeas review of a state prisoner's claims that are procedurally defaulted under independent and adequate state procedural rules is barred unless the prisoner can show cause for the default and demonstrate actual prejudice as a result of the alleged violation of federal law or prove that failure to consider the claims will result in a fundamental miscarriage of justice.'" *Lawrence v. Banker*, 517 F.3d 700, 714 (4th Cir. 2008) (quoting *McCarver v. Lee*, 221 F.3d 583, 588 (4th Cir. 2000) (citing *Coleman*, 501 U.S. at 750.)); *see also Wainwright v. Sykes*, 433 U.S. 72, 90-91 (1977) (requiring that a petitioner show "cause" and "prejudice" as to why his claims should not barred in a federal habeas review based upon a procedural waiver in state court).

The Supreme Court's decision in *Teague* is on point. In that case, the petitioner filed a petition for writ of habeas corpus claiming as his ground for relief, *inter alia*, a violation of his Fourteenth Amendment right to due process because the state had denied blacks the opportunity to sit on his jury. *Teague*, 489 U.S. at 297. Like the case *sub judice*, the petitioner in *Teague* failed to raise his *Swain* claim on direct appeal and the Court determined he was procedurally barred from

raising the claim collaterally in state court. *Id.* Because the fundamental fairness exception to collateral review did not apply in the case, the Court held that the petitioner had exhausted his state remedies for the purposes of § 2254 relief. *Id.* at 298. However, the Court held that the petitioner's claim was still procedurally barred from federal review because the petitioner failed to show cause for his default or some sort of resulting prejudice as required under *Wainwright*. *Id.* (citing *Engle v. Isaac*, 456 U.S. 107, 113-114, 117, 124-135 (1982) (applying procedural default rule to claim that had never been raised in state court)). Although recognizing that "procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar," *Harris v. Reed*, 489 U.S. 255, 263 (1989), the *Teague* Court nevertheless determined the *Harris* rule inapplicable "where the claim was never presented to the state courts." *Teague*, 489 U.S. at 299.

As previously discussed, Petitioner's appellate counsel only raised issue five of Ground One on appeal. Accordingly, the other issues of Ground One are barred from federal review. Petitioner has failed to show cause as to why these issues were procedurally defaulted. Despite Petitioner's vague attempt at suggesting the cause of the default was ineffective assistance on behalf of his *appellate* counsel (*see* Mem. of Opp'n and Reply at 4-5), the Fourth Circuit has consistently held "[e]ffective assistance of appellate counsel does not require the presentation of all issues on appeal that may have merit." *Lawrence*, 517 F.3d at 709 (citing *Bell v. Jarvis*, 236 F.3d 149, 164 (4th Cir. 2000)). The courts generally give counsel the benefit of the doubt that those issues raised on appeal are the ones likely to afford the most relief. *Id.* (internal citations omitted). " 'Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance

10

of counsel be overcome.' " *Id.* (quoting *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986) *cited with approval* in *Smith v. Robbins*, 528 U.S. 259, 288 (2000)). The Court cannot make such a determination here.

As to the lone novel claim raised by Petitioner in his Objections, his claim that his failure to satisfy the exhaustion requirement should not apply to his claims which were not appealed to the Supreme Court of South Carolina are also unavailing. "It is a common maxim, familiar to all minds, that ignorance of the law will not excuse any person, either civilly or criminally . . . ." *Barlow v. United States*, 32 U.S. (7 Pet.) 404, 411 (1833). Specifically, courts have held that ignorance of the applicable law cannot provide the basis for excusing a habeas petitioner's failure to comply with § 2254's technical procedural requirements. *See, e.g.*, *Washington v. James*, 996 F.2d 1442, 1447 (2d Cir. 1993). At least one federal court has specifically rejected a *pro se* habeas petitioner's claim that she did not exhaust state court remedies because she was not aware of the exhaustion requirement. *Williams v. Jacquez*, 2006 WL 2346326 at *1 (E.D. Cal. Aug. 11, 2006).

Petitioner's claims, with the exception of issue five of Ground One, have therefore been procedurally defaulted. Because he has not made any showing as to the cause of the default, let alone an explanation as to any actual prejudice or a showing that a fundamental miscarriage of justice would occur if these claims are not considered, these claims are barred from federal review. Accordingly, this Court does not assess the merits of these claims and they are therefore dismissed.

C.      *Petitioner's Objection to the Magistrate Judge's Recommendation that Summary Judgment Be Granted with Respect to Ground One, Issue Five*

Petitioner has failed to make any specific objections regarding this portion of the Magistrate Judge's R&R, and the Court is unable to determine where his specific objections might lie, as he

11

simply rehashes his original argument.

Petitioner alleges in his Petition, and reiterates in his Objection, that his Trial Counsel was "ineffective for failing to develop an alibi defense, there [sic.] coercing him to plead guilty." (Mem. of Opp'n and Reply at 5.) In considering an ineffective assistance of counsel claim, the Court asks "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). Although substantial deference is given to the state court's findings of fact, *Evans v. Smith*, 220 F.3d 306, 311-12 (4th Cir. 2000), and the state court's findings as to historical facts are presumed correct, *see* 28 U.S.C. § 2254(e)(1), where the issue under consideration is a mixed one of fact and law, as is the case for an ineffective assistance of counsel claim, the Court must make its own assessment. *Strickland*, 466 U.S. at 698. However, the Court is still required to apply the deferential standard of review set forth by the Supreme Court in *Williams v. Taylor*, 529 U.S. 362 (2000), because Petitioner's claim was adjudicated on the merits in state court. Thus, this Court will only reconsider state court claims adjudicated on the merits where the judgment rendered in the state court proceeding "was contrary to, or involved an unreasonable application of, clearly established law, as determined by the Supreme Court of the United States," or was based upon "an unreasoanble determination of the facts in light of the evidence presented in the State court proceeding." *Evans*, 220 F.3d at 312.

The Supreme Court in *Strickland* articulated a two-pronged test to determine whether Trial Counsel was constitutionally ineffective in his assistance to Petitioner.

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the

> defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

466 U.S. at 687. The Supreme Court has applied the *Strickland* test to claims of ineffective assistance of counsel with regard to guilty pleas and has required that "in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985).

As the Magistrate Judge recognized, and as the record clearly reflects, the state court judge that ruled upon Petitioner's post-conviction relief application found that the Petitioner testified at the time of his plea that he was satisfied with Trial Counsel's representation, that the first time Trial Counsel was informed of an alibi witness was at Petitioner's post-conviction relief hearing on September 11, 2006, and that Petitioner had failed to inform Trial Counsel of the existence of Yusef Aquil, the alleged alibi witness. Despite conflicting testimony offered by Petitioner that he had informed Trial Counsel of the alibi witness, this Court defers to the state court's determinations of credibility, and finds that Trial Counsel's testimony is credible and that Petitioner failed to carry his burden that Trial Counsel was aware of an alibi witness prior to Petitioner's plea. Trial Counsel's efforts could not be deficient if he did not know of an alibi witness.

The record and Petitioner's court filings are replete with conclusory statements that had Trial Counsel fully developed Petitioner's claimed alibi defense, Petitioner never would have pled guilty and would have insisted on a trial. However, Trial Counsel testified at the post-conviction relief hearing that after reviewing the State's case against Petitioner he believed a guilty plea was the best alternative for his client, stating: "I got in it [referring to Petitioner's case] knowing or feeling after I read everything it was bleak but tried to save his life. . . ." (R. at 38.) "[A] court must indulge a

13

strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689 (internal quotation marks and citation omitted); *see also Fields v. Attorney General of Maryland*, 956 F.2d 1290, 1297-99 (4th Cir. 1992); *Roach v. Martin*, 757 F.2d 1463, 1476 (4th Cir. 1985). Furthermore, Petitioner professed at his allocution his actual guilt.

This Court agrees with the state court's assessment that Petitioner has failed to demonstrate that there is a reasonable probability, had Trial Counsel somehow been aware of Petitioner's alleged alibi witnesses and used them to present an alibi defense, that Petitioner would have refused to plead guilty. The Court thus adopts the Magistrate Judge's conclusion that, based upon a deferential standard of review, the state court did not adjudicate Petitioner's claims in a way that resulted in an "unreasonable application of clearly established law" nor "an unreasonable determination of the facts." *Evans*, 220 F.3d at 312. Therefore, the state court properly dismissed the application. Accordingly, because there exists no genuine issue of material fact, summary judgment is in order for the Respondent on this issue.

*D.     Petitioner's Objection to the Magistrate Judge's Recommendation that Ground Two Be Dismissed*

As discussed above, the issues presented as Ground Two for relief–specifically, that Petitioner's guilty plea was the result of Trial Counsel's erroneous advice–are procedurally defaulted, as Petitioner failed to raise the issue on appeal in his petition for a writ of certiorari to the Supreme Court of South Carolina. Likewise, this claim by Petitioner is barred from further review before this Court. The Magistrate Judge considered the merits of Ground Two and recommended

14

summary judgment in the event the Court would consider Ground Two. To the extent that any consideration of this issue is warranted, the Court accepts the Magistrate Judge's recommendation.

As the Supreme Court has noted, "the longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action to the defendant.' " *Hill*, 474 U.S. at 56 (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970). As noted above, the record demonstrates that Petitioner in fact entered his guilty plea voluntarily. Furthermore, as the discussion in Section III, *supra*, concludes, Petitioner has failed to satisfy his burden of establishing a § 2254 claim on the grounds that Trial Counsel's assistance was constitutionally ineffective. Absent a compelling reason why they should not be treated as such, "[Petitioner's] statements at arraignment that facially demonstrate the validity of his plea are conclusive." *Via v. Superintendent, Powhatan Corr. Ctr.*, 643 F.2d 167, 171 (4th Cir. 1981). Here, the record demonstrates that not only was Petitioner, in fact, guilty of the crimes he pled to, but also that Trial Counsel believed that a guilty plea was Petitioner's best alternative. As the Fourth Circuit has noted, "counsel's advice to plead guilty is not judged by retrospectively considering it right or wrong," but rather, "the proper standard is 'whether that advice was within the range of competence demanded of attorneys in criminal cases.' " *Id.* (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)). Because this Court concluded above that Petitioner has failed to persuade it that Trial Counsel was ineffective by failing to develop an alibi defense, it cannot be convinced that Trial Counsel erred in his counsel to Petitioner, nor that his advice to plead guilty fell outside of the range of competence demanded of criminal defense attorneys. The Court is satisfied with the Magistrate Judge's recommendation that summary judgment be entered in favor of Respondent on this issue and accepts it in whole.

**II.     Petitioner's Motion to Amend**

While the Petitioner does not have the right to amend his Petition at this late date in the proceedings, this court generally affords *pro se* prison litigants every reasonable opportunity to state a legitimate claim for relief.  Accordingly, this court does not deny Petitioner's Motion to Amend because of its untimeliness.

However, a court may deny a party's motion to amend if allowing the amendment would be futile.  *See In re PEC Solutions, Inc. Sec. Litig.*, 418 F.3d 379 (4th Cir.2005) ("Leave to amend need not be given when amendment would be futile.").  For a motion to amend to be denied for futility, the amendment must be "clearly insufficient or frivolous on its face."  *Oroweat Foods Co.,* 785 F.2d at 510-511; *see also Rambus, Inc. v. Infineon Tech., AG,* 304 F.Supp.2d 812, 819 (E.D.Va. 2004) ("Courts generally favor the 'resolution of cases on their merits' . . . [t]hus the substantive merits of a proposed claim [or defense] are typically best left for later resolution, *e.g.*, under motions to dismiss or for summary judgment, . . . , or for resolution at trial.") (quoting *Davis v. Piper Aircraft Corp*., 615 F.2d 606, 613 (4th Cir. 1980))*; see also Robinson v. GEO Licensing Co., L.L.C.*, 173 F.Supp.2d 419, 423 (D. Md. 2001).

Here, Petitioner's Motion to Amend does not seek to add any additional claims or grounds to his Petition, but only seeks to add one additional piece of evidence.  Petitioner attaches a document which purports to prove that one Travis McClinton was incarcerated at the Alvin S. Glenn Detention Center in Richland County from August 5, 2002 until October 17, 2002.  According to Petitioner's Objections, McClinton would have been able to testify that Petitioner was wearing an "all black jacket with a little symbol on it," whereas the eyewitness reported that the crime was committed by someone wearing a "blue and black 'starter' jacket." (Objections at 4.)  Petitioner

asserts that Trial Counsel should have looked into this "exculpatory evidence," and that if he had, Petitioner would not have pled guilty.

This new evidence has no effect on the legal conclusions the court has previously explained in this Order. There is nothing in the record that indicates that either the PCR judge or the Magistrate Judge doubted Petitioner's claims that McClinton was, in fact, incarcerated at the time in question. However, this has no impact on this court's conclusions that Petitioner has produced no evidence from which any reasonable factfinder could conclude that Petitioner's Trial Counsel provided ineffective assistance to Petitioner in advising him to plead guilty or that, had Trial Counsel gone and talked to McClinton, that Petitioner would have changed his mind and decided not to plead guilty. Since Petitioner's newly introduced evidence has no effect on the outcome of the case, it would accordingly be futile to allow Petitioner to amend his Petition to include this evidence, and his Motion to Amend is therefore denied.

## CONCLUSION

It is, therefore, **ORDERED,** for the foregoing reasons that Respondent's Motion for Summary Judgment is **GRANTED**, AND Petitioner Christopher Gale's § 2254 petition for habeas corpus relief is **DENIED**. It is further **ORDERED** that Petitioner's Motion to Amend is also **DENIED**.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**September 2, 2008**